The preliminary question in this cause was, whether after an appeal to this Court, from a judgment in ejectment against the *237 enant, the appeal abated by the death of he lessor of the plaintiff.
Warden contended that an action of eject-nent did abate by the death of the lessor of he plaintiff. He was the true and only >arty in the suit: his title was to be settled: lis title was put in issue: and by the ¡trength of his title, not the weakness of his idversary’s, he was to recover: if so, this suit, like all others which abate on the death of parties, should abate on his death. *Again, possession is, in no instance, given to Timothy Seekright ■>r the other nominal plaintiff, but to his .essor, who is the real plaintiff in the action. He cited Runnington on Ejectments, L39;(a) — 1 Mod. 252; — 1 Salk. 262; — 12 Mod. 146; — 1 Term Rep. 491; — 2Stra. 1056, which last authority, he observed, would probably be relied upon as sufficient to determine the case against him; but all that the authority proved was that, the real plaintiff being tenant for life only, on his death, his interest was gone, and the only recompense which could be had was in damages.
"Why, he asked, is a scire facias necessary to revive a judgment? — it is to bring in the legal representatives of the deceased party. Suppose a writ of possession should be awarded; possession could not be delivered to the nominal plaintiff, for he is not a real person ; nor could it be given to the lessor of the plaintiff, because he is dead. Can the Court say who is the heir or dev-isee of the lessor of the plaintiff, unless he be regularly brought into Court?
The Attorney General, on the same side, referred to the following additional authorities: 3 Tuck. Black. 205; — Gilb. on Eject. 142; — 2 Burr. 668 ;(b) 4 Burr. 2447 ;(c) — 2Bac. Abr. 412; — 1 Bac. Abr. 11. He observed, that, if we look into the history of the action of ejectment, it will be found that the Courts have endeavoured to get clear of all the inconveniences arising from the introduction of fictitious persons, and now consider the lessor of the plaintiff as the real party. The reason for the abatement of suits, in other cases, applies with equal force in this. It might be attended with serious inconveniences if the doctrine contended for should prevail. Supi>ose the lessor of the plaintiff should die, leaving a great number of children, as in this case; to whom is the sheriff to deliver possession? Is he to decide the law, and to determine upon the rights of the parties?
Wickham, on the other side, contended that an action of ejectment never did abate bj’ the death of the lessor of the plaintiff. Every argument drawn from the liberality of modern practice militates against the opposite counsel. One of the effects of this practice has been to get over the inconvenience of abatements as far as possible.
As far as his knowledge extended, as derived either from his own observation, or the information of others, he said, that he might state the uniform practice to be, on the death of the lessor of the plaintiff, to give security for *costs, and go on with the cause. This is the present practice of the District Courts, and Federal Courts, and was the practice of the old General Court. Book into all the practical books and the same doctrine will be found to prevail.
Not a case cited on the other side, said Mr. Wickham, has any bearing on the question, except one in Strange, which Mr. Warden has been so good as to cite for me. Is there a single dictum to be found in the books, which says that the death of the lessor of the plaintiff abates the action?
Here Mr. Wickham went into an examination of all the cases adduced by the opposite counsel, and inferred from the whole of them, that, so far from establishing the position that an ejectment abated on the death of the lessor of the plaintiff, the practice was uniformly otherwise; and that, to avoid the inconvenience of abatements, the names of fictitious persons, such as John Doe, Richard Roe, Aminadab Seekright, &c. who never die, had been substituted.
The argument, (which has been urged with much apparent force,) drawn from the inconvenience of making the sheriff a judge of the rights of the representatives of the deceased lessor of the plaintiff, may be met by one of equal weight. A. brings an ejectment for one messuage, one tenement, and one hundred acres of land, without any other description. There may be one hundred tracts of this description, and the sheriff may turn any man out of possession whose land answers to it. The correct answer to the argument is, that the parties act under the controul of the Court, and the plaintiff must take possession at his peril, (d) If a person not entitled should come forward, and personate the lessor of the plaintiff he would be in as a trespasser. All that the Court could do, in such instances, would be to act in a summary way, and see that its process was not abused.
Warden. The last argument of Mr. Wick-ham is sufficient to shew that the suit must abate. Suppose the sheriff were to give possession to the eldest son as the heir of Beverley, when he may have made a will, and left the land to his daughters. As to the description of the land, the constant course in this country is to have a survej1, pending the cause; and the Jury find for the plaintiff the land contained within certain lines marked on the plat, -which is referred to in their verdict. By these boundaries the sheriff gives possession. But we are told that no case *can be shewn where it is said an ejectment abates by the death of the lessor of the plaintiff: the reason is, that no person thought it did not. It does not abate by the death oi the nominal plaintiff, because he is a fictitious person, and the lessor of the plaintiff is the real party. Who is to give security for costs? the person who has the real interest.
Saturday, November 7. The Judges delivered their opinions.
JUDGE TUCKER.
I find it laid down in an ancient and respectable authority, that if an action be well begun, and a part of the action determines by act in law, and yet the like action is given for the residue, the action shall not abate, but the plaintiff may proceed for the residue: but where, by *238 the determination of part, the like action does not remain for the residue, there the action, though well commenced, shall abate. As if an action of waste be brought against tenant per autre vie who dies pendente lite; the writ shall not abate, but the plaintiff shall recover damages only. — So, in ejectment, if the term incurreth pendente lite, the action shall proceed for damages only. —Co. Litt. 285 a. And this seems to have been settled very long ago: for we are told, that if a man brings a writ of ejectione firm», the plaintiff shall recover his term to come as well as in quare ejecit infra terminum; and, if there be no part of the term to come, then he shall recover the whole in damages. Bro. Abr. Qtfare ejecit infra term. pi. 6. —The case in Strange, 1056, proceeded upon the same principle. — There the verdict found the lessor of the plaintiff was tenant for life; and it was afterwards suggested to the Court, upon affidavit, that he was dead, so that the term was ended. But the Court refused to abate the suit, because he might proceed for the whole in damages. (Run. 130, (a) to the same effect. Ibid. 298, (b) the form of the judgment.) This shews that the suit doth not abate for the death of the lessor of the plaintiff. For in the case in Strange it would have worked manifest injustice, to have abated the suit after the verdict, when the plaintiff might have received damages commensurate to the injury sustained.
That the case in Strange is considered in England as having settled the law, there, that an ejectment shall not ábate by the death of the lessor of the plaintiff, seems highly presumable from its being twice cited to that effect *in the last edition of Bacon’s Abridgement, title Abatement, letters E. and I.
JUDGE ROANE.
I should never have had a moment’s doubt upon this subject, but for the strong expressions in the case of Aslin v. Parkin, (c) stating that the lessor of the plaintiff and the tenant in possession are the only parties to the ejectment, and that the action for mesne profits, whether brought in the name of the lessor or lessee, is equally the action of the lessor.
I have said, and I still think, that greater respect is due to modern than to ancient authorities relative to the action of ejectment; because this remedy is daily simplifying and progressive. I did not particularly refer to the case in Strange as ancient, but also to the cases cited from 1 Modern and Salkeld. None of these reporters, however, can justly be deemed modern, in relation to a remedy invented within a century and a half from this period.
I have looked into the case from Burrow. It relates to an action for mesne profits; and, though it holds that that action may be brought by the lessor of the plaintiff, it also admits that it lies in favour of his lessee. If an action lies in favour of a plaintiff, (but for the benefit of another,) there is no reason that, the latter dying, the suit should abate, when the former is perfectly competent to carry it to judgment and execution. This case, therefore, ma not subvert the whole system on this sub ject to be found in Blackstone’s Commen taries, and other modern authorities.
By them we are told that the plaintiff, o lessee, ought to be a real person, and not as is unwarrantably practised, an ideal fic titious one;(d) that the judgment goes i favour of the nominal plaintiff to obtaii possession of the land for his term sup posed to be granted;(e)° and that the title of the lessor is only obliquely and collater ally brought into question in this action, (f) It is held that the death of the lessor, (hf being tenant for life,) does not abate th< suit. It is also held, that if the term expires, pending the writ, there is no abate ment, (g) but, in both cases, the action shal proceed for damages for the trespass only, The action is both for possession and damages; although the damages are now usuallj one shilling, yet they may be made much larger, by way of increase, in England, (h) In both the cases just stated, the lessee’s right of possession had expired, and yet he was permitted to proceed for damages. In our case, *the term stated in the declaration is existing, and the lessee’s right to the term continues notwithstanding Beverley’s death ; he having been tenant in fee of the land, and therefore competent to grant the interest for the whole term: the plaintiff, therefore, in our case, proceeds both for possession and damages; and this case is consequently stronger than the cases just put. The rule on the subject of abatements, that, where-ever the death of 'any party pending the writ makes no change in the proceedings, the writ does not abate, (i) is decisive that no abatement exists in the case before us.
When these circumstances are considered; and, especially, when it is considered that regularly judgment is rendered in favour of and possession is delivered to the lessee, who ought (as is before said from Blackstone) to be a real person, the difficulties on this subject vanish. As to the difficulty arising from the death of the lessor; if the modern practice be to deliver possession to the lessor, he who now stands in his shoes acts at his peril, and under the con-troul of the Court.
JUDGE EEEMING said it was the unanimous opinion of the Court, that the suit did not abate.

 414 American edit. 1806.

 Aslin v. Partin.

 Doe, lessee, &c. v. Pilkington et al.

Running-ton’s Eject. 125.

 414 New-York edit. 1806.

Cb) 515 Ibid.

 2 Burr. 668.

 3 Bl. Com. 203.

 lb. 204, and App. No. 2, s. 4.

 lb. 205.

 1 Bac. Abr. Gwil. ed. 22.

 3 Bl. Com. App. No. 2, s. 4.

 1 Bac. Abr. Gwil. ed. 11.